J-A06021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS R. TOMEI AND JEANNETTE TOMEI | |
| APPEAL OF: THOMAS R. TOMEI | |
| | No. 1759 EDA 2014 |

Appeal from the Order June 9, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-5775

----------------------------------------------------------------------------------

| | |
|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS R. TOMEI AND JEANNETTE TOMEI | |
| APPEAL OF: THOMAS R. TOMEI | |
| | No. 1760 EDA 2014 |

Appeal from the Order June 9, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-5775

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED MARCH 04, 2015**

At 1759 EDA 2014, Thomas R. Tomei (Tomei) appeals from the trial court's order that granted H&H Manufacturing Company and Vincent Tomei's (collectively, H&H) motion to approve sale of real estate owned by L&T, PA Development Co., L.P. (L&T); terminated a lease between H&H and L&T, approved the sale of real property known as 500 South 7th Street, Lot #2, Colwyn Borough, Delaware County, Pennsylvania; and directed the scrap material stored in the building at 500 South 7th Street, Lot #2, Colwyn Borough, Delaware County, Pennsylvania be sold and all proceeds be distributed to H&H. At 1760 EDA 2014, Tomei appeals from the order denying his cross-motion to enjoin the sale and further interference of the real property. For the reasons that follow, we vacate the order at 1759 EDA 2014, and dismiss as moot the appeal at 1760 EDA 2014.

At oral argument on February 24, 2015, H&H represented to this Court that it no longer seeks approval of the sale of the real estate at issue in the orders under appeal.[1] Furthermore, during oral argument, Tomei represented to this Court that the interests of the parties are presently being litigated in a declaratory judgment action, which is also reflected by the record. *See* Tomei's Application Pursuant to Pa.R.A.P. 1732(b) for Stay and Injunction Pending Appeal, 06/24/2014, at ¶33.

_____

[1] *See also* H&H's Brief at 16.

Accordingly, we conclude the order at 1759 EDA 2014, granting H&H's motion to approve sale of real estate, which is moot yet dispositive of rights of the parties that are the subject of a pending declaratory judgment action, must be vacated. We will dismiss the appeal from the order at 1760 EDA 2014, denying Tomei's cross-motion to enjoin sale and future interference, since that appeal is now moot based upon our resolution of the appeal at 1759 EDA 2014.

Order at 1759 EDA 2014 vacated. Case remanded. Jurisdiction relinquished. Appeal at 1760 EDA 2014 dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015